UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON, CDCR #K-66474, Plaintiff, vs. P. SHABIRA, et al., Defendants. | Case No.: 3:17-cv-02029-GPC-JMA **ORDER** **1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 3]** **AND** **(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

David W. Wilson ("Plaintiff"), while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff claims a host of medical, administrative, and inmate appeal officials employed by RJD and the California Department of Corrections and Rehabilitation ("CDCR"), violated his First, Eighth, and Fourteenth Amendment rights in March and September 2017 by failing to provide him with various medical appliances including an

egg crate or air mattress, cervical pillow, thermal underwear, cotton blankets, gloves for his walker, a C-PAP machine, and/or a referral to a sleep study. *See* Compl., ECF No. 1 at 5-7, 15-25. Plaintiff further alleges Defendants failed to properly respond to his health care appeals in retaliation for his having "engag[ed] in legal paralegal/jailhouse lawyer activities," and conspired against him and others "for racial reasons." *Id.* at 7-8, 23-24. Plaintiff seeks declaratory and injunctive relief, including the appointment of a special master to oversee and require the racial diversification of RJD's medical staff, as well as general and punitive damages. *Id.* at 25-27.

Plaintiff did not pay the civil filing fee required to commence a civil action when he filed suit; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter

"*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**II.    Discussion**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint, and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff seeks to sue various RJD and CDCR for allegedly failing to provide him access to the medical

appliances and accommodations he claims his degenerative disc disease requires via the inmate health care appeals process. While Plaintiff is dissatisfied with the results of his grievances, and the manner by which his medical needs have been addressed at RJD beginning in February 2017, none of his allegations plausibly suggest he faced any ongoing or "imminent danger of serious physical injury" at the time he filed his Complaint on October 3, 2017. *See* 28 U.S.C. § 1915(g); *Ellington v. Clark*, No. 1:09-CV-02141-AWI, 2011 WL 3500970, at *5 (E.D. Cal. Aug. 8, 2011) (finding prisoner's pre-existing medical conditions and his claimed denial of ambulatory devices did not "rise to the level of imminent danger"); *report and recommendation adopted*, No. 1:09-CV-02141-AWI, 2011 WL 6780910 (E.D. Cal. Dec. 27, 2011); *Byrd v. Dir. of Corr.*, No. 3:15-CV-2339-GPC-KSC, 2016 WL 773229, at *2 (S.D. Cal. Feb. 29, 2016) (finding prisoner's allegations of having been denied access to court and discriminated against based on race and religion insufficient to invoke § 1915(g)'s imminent danger exception); *see also Gonzales v. Castro*, No. 1:09cv1545-AWI-MJS-PC, 2010 WL 2471030 at *2 (E.D. Cal. June 9, 2010) (finding prisoner's allegations of retaliation insufficient to "constitute a real danger ... or even an ongoing threat" of "serious physical injury" under § 1915(g)).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801,

803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Therefore, Plaintiff, identified as CDCR #K-66474, has had at least eight prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Wilson v. Yarbrough*, Civil Case No. 2:02-cv-08293-UA-RNB (C.D. Cal., West. Div. Feb. 26, 2003 Order denying leave to proceed IFP and dismissing action as "legally and/or factually frivolous" [ECF No. 4]) (strike one);

2) *Wilson v. Schwartz, et al.*, Civil Case No. 2:05-cv-01649-GEB-CMK (E.D. Cal. Sept. 26, 2006 Findings & Recommendations ("F&Rs") re Dismissal for failing to state a claim [ECF No. 24]); (E.D. Cal. October 31, 1006 Order Adopting F&Rs and Dismissing Action [ECF No. 26]) (strike two);

3) *Wilson v. Veal, et al.,* Civil Case No. 2:06-cv-00067-FCD-KJM (E.D. Cal. May 8, 2007 F&Rs re Dismissal as frivolous and for failure to state a claim [ECF No. 9]); (E.D. Cal. June 4, 2007 Order Adopting F&Rs and Dismissing Action [ECF No. 11]) (strike three);

4) *Wilson v. Dovey, et al.,* Civil Case No. 2:06-cv-01032-FCD-EFB (E.D. Cal. Dec. 20, 2006 F&Rs re dismissal of action for failing to state a claim [ECF No. 11]); (E.D. Cal. March 8, 2007 Order adopting F&Rs and dismissing action for failure to state a claim [ECF No. 13]) (strike four);

5) *Wilson v. Zafra, et al.*, Civil Case No. 2:06-cv-01577-FCD-KJM (E.D. Cal. Sept. 19, 2008 Order and F&Rs that Defendants' Motion to Dismiss be granted for failing to state a claim [ECF No. 42]); (E.D. Cal. Oct. 31, 2008 Order Adopting F&Rs and Dismissing action for failing to state a claim [ECF No. 44]) (strike five);

6) *Wilson v. Dovey, et al.,* Civil Case No. 2:06-cv-02553-JKS-EFB (E.D. Cal. Aug. 31, 2007 F&Rs re dismissal of action for failure to state a claim per 28 U.S.C. § 1915A [ECF No. 13]; (E.D. Cal. March 11, 2008 Order adopting F&Rs and dismissing

action with prejudice for failure to state a claim [ECF No. 18]) (strike six);

       7)    *Wilson v. Director of Adult Institutions, et al.,* Civil Case No. 2:08-cv-02904-WBS-GGH (E.D. Cal. March 25, 2009 Order and F&Rs re dismissal of action as "wholly frivolous" [ECF No. 13]); (E.D. Cal. April 24, 2009 Order adopting F&Rs, dismissing action and closing case) [ECF No. 19]) (strike seven); and

       8)    *Wilson v. Fitter, et al.,* Civil Case No. 2:09-cv-01162-DDP-RNB (C.D. Cal., West. Div. Nov. 5, 2009 Report & Recommendation ["R&R"] to Grant Defendants' Motion to Dismiss Third Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 31]); (C.D. Cal. Sept. 30, 2010 Order Adopting R&R and Granting Motion to Dismiss action with prejudice [ECF No. 34]) (strike eight).

      Accordingly, because Plaintiff has, while incarcerated, accumulated far more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[1]

---

[1] Plaintiff has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this district, as well as in the Central and Eastern Districts of California absent allegations of imminent danger of serious physical injury. *See Wilson v. Paramo, et al.*, Civil Case No. 3:11-cv-01905-LAB-WVG (S. D. Cal. Sept. 27, 2011 Order Denying Motion to Proceed IFP as Barred by 28 U.S.C. § 1915(g)) (ECF No. 8); *Wilson v. Smith, et al.,* Civil Case No. 2:16-cv-02091-MCE-CKD (E.D. Cal. Oct. 7, 2016 Order Denying IFP per § 1915(g)) (ECF No. 7); *Wilson v. Haws*, Civil Case No. 2:07-cv-08019-UA-RNB (C.D. Cal., West. Div., Dec. 19, 2007 Order to Show Cause why request to proceed IFP should not be denied pursuant to 28 U.S.C. § 1915(g) [ECF No. 2]); (C.D. Cal. Feb. 12, 2008 Order Denying Plaintiff's Request to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [ECF No. 4]). Indeed, a PACER search of Plaintiff's litigation history

## III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: December 5, 2017

Hon. Gonzalo P. Curiel
United States District Judge

---

reveals that he has filed 46 separate civil rights actions in all four California district courts since 2002. *See* https://pcl.uscourts.gov/view?sort=cs_date_filed&rid=P6z25R2vV1tzzrbUg3YqJw9U8nPlXBxa4CXPCBWc&page=1 (last visited Dec. 5, 2017).

7

3:17-cv-02029-GPC-JMA